474 F.3d 71
 Rajesh Kumar BHANOT, Petitioner,
v.
Michael CHERTOFF, Secretary, Department of Homeland Security; Alberto Gonzales, Attorney General of the United States; Michael J. Garcia,
Assistant Secretary for the Bureau of Immigration and Customs Enforcement, Department of Homeland Security; William Cleary, Bureau of Immigration and Customs Enforcement (BICE), Detention Removal Office Director, Respondents.
 Docket No. 05-2904-ag.
 United States Court of Appeals, Second Circuit.
 Submitted: January 12, 2007.
 Decided: January 22, 2007.
 
 Eric W. Schultz, Sacks, Kolken & Schultz, Buffalo, NY, for Petitioner.
 Gail Y. Mitchell, Assistant United States Attorney (Terrance P. Flynn, United States Attorney, on the brief), United States Attorney's Office for the Western District of New York, Buffalo, NY, for Respondents.
 Before CABRANES and WESLEY, Circuit Judges, and KORMAN, District Judge.[1]
 PER CURIAM.
 
 
 1
 Petitioner seeks review of an order of the Board of Immigration Appeals ("BIA") affirming a decision by Immigration Judge ("IJ") Philip J. Montante, Jr., denying petitioner's motion to reopen removal proceedings after a removal order was entered in absentia. See In re Rajesh Kumar Bhanot, No. Awr-yto-dbx (B.I.A. Feb. 28, 2002), aff'g No. Arl-tqw-csb (Immig. Ct. Buffalo Nov. 13, 1998).
 
 
 2
 Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. See Ming Xia Chen v. BIA, 435 F.3d 141, 144 (2d Cir.2006). We review the decision to deny a motion to reopen removal proceedings for abuse of discretion. See Maghradze v. Gonzales, 462 F.3d 150, 152 (2d Cir.2006).
 
 
 3
 Petitioner argues on appeal that the IJ and the BIA abused their discretion by denying petitioner's motion to reopen his removal proceedings. In particular, petitioner argues that under the terms of 8 U.S.C. § 1229a(b)(5)(C)(ii), he "did not receive" the notice sent to him by the government announcing a change in the date of his removal proceedings.[2]
 
 
 4
 We recently held, when considering an IJ's denial of a motion to reopen removal proceedings in Lopes v. Gonzales, 468 F.3d 81 (2d Cir.2006), that a presumption of receipt applies to notices to appear for removal proceedings which are properly addressed and mailed according to normal office procedures. See id. at 85. We nevertheless granted the petition for review in Lopes because the BIA failed to consider in its opinion "circumstantial evidence" in the record that might have rebutted the presumption of receipt. Id. at 82, 86.
 
 
 5
 Applying our holding in Lopes to the instant case, we conclude that because the record reveals that the government sent notice of petitioner's changed hearing date to his most recent address, a presumption of receipt applies here. See id. at 85.
 
 
 6
 We further conclude that the BIA did not abuse its discretion in affirming the IJ's denial of petitioner's motion to reopen his removal proceedings. Unlike the petitioner in Lopes, the instant petitioner does not dispute that he was personally served with (and signed) an original notice announcing a specific date for his removal proceedings. Cf. id. at 83 (involving a petitioner who claimed he did not receive the notice announcing a specific hearing date). Instead, he contends that he never received the subsequent notice announcing a postponement of the date of his removal proceedings. However, petitioner does not even claim to have appeared for removal proceedings on the date for which they were originally scheduled, nor does he claim to have inquired with the government regarding any change in the date of his proceedings. We therefore conclude that the factors counseling in favor of remand in Lopes are inapposite here, and that petitioner did not present sufficient evidence to overcome the presumption of receipt. Cf. id. at 85-86 (remanding on the basis of the BIA's failure to consider, inter alia, circumstantial evidence that petitioner had taken steps which arguably suggested that he "would . . . have done what was required of him had he known about the hearing"); Alrefae v. Chertoff, 471 F.3d 353, 355 (2d Cir.2006). In particular, there is no circumstantial support for remanding to the BIA when, as here, petitioner does not claim to have taken steps that likely would have apprised him of his changed hearing date. Cf. Maghradze, 462 F.3d at 153-54 (Even assuming the alien could rebut the presumption of receipt, "constructive" receipt was shown because the alien failed to notify the government of a change in address.).
 
 
 7
 Moreover, two of the three affidavits submitted by petitioner to support his claim that he did not receive notice of the changed hearing date (i.e., one from petitioner and one from petitioner's roommate) were presented only to the BIA on appeal, and not to the IJ. This fact undermines petitioner's claim that the BIA abused its discretion, because the BIA need not consider evidence presented for the first time on administrative appeal. See 8 C.F.R. § 1003.1(d)(3)(iv); see also Xian Tuan Ye v. Dep't of Homeland Security, 446 F.3d 289, 296 (2d Cir.2006) (holding that the BIA properly declined to consider corrected birth certificate presented for the first time to the BIA on appeal); Matter of S-A-, 22 I & N Dec. 1328, 1328-29 (BIA 2000) (declining to consider evidence first offered on administrative appeal).
 
 
 8
 Although the agency arguably erred by not explicitly mentioning the affidavit submitted to the Immigration Court in support of petitioner's motion to reopen his removal proceedings, we conclude that remand would be futile in this case for two reasons. Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315 (2d Cir.2006) (Remand is unnecessary if "it is clear that the agency would adhere to its prior decision absent the errors.").
 
 
 9
 First, the only evidence petitioner presented to the IJ in support of his claim that he did not receive notice of his removal proceedings was a signed affidavit containing a simple, uncorroborated statement of non-receipt. Cf. Lopes, 468 F.3d at 85-86 (holding that an affidavit containing a "bare claim of non-receipt," considered together with other relevant facts not considered by the BIA, warranted remand) (internal quotation marks omitted).
 
 
 10
 Second, the affidavit submitted to the IJ contained a major misstatement of fact. It stated that petitioner "did not receive any notice" of his immigration hearing, see Joint Appendix ("JA") 108 (emphasis added), a fact which is plainly contradicted by the record on appeal, see JA 122-23 (including a copy of the government's first notice to appear containing petitioner's signature and fingerprint).
 
 
 11
 Taking these considerations into account along with the other factors discussed above, we are confident that the BIA would adhere to its previous decision on remand. See Xiao Ji Chen, 471 F.3d 315. Accordingly, we decline to remand for further consideration of the question of whether petitioner rebutted the presumption of receipt.
 
 
 12
 In sum, upon consideration of the record as a whole, we conclude that the IJ and the BIA did not abuse their discretion in denying petitioner's motion to reopen his removal proceedings.
 
 
 13
 We have considered each of petitioner's remaining arguments and find them to be without merit.[3] Accordingly, the petition for review is DENIED.
 
 
 
 Notes:
 
 
 [1]
 The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation
 
 
 [2]
 Under the immigration statutes, the initial entry of anin absentia order of removal by an IJ is appropriate where notice of an alien's removal proceedings has been "provided at the most recent address provided [to the government by the alien]," 8 U.S.C. § 1229a(B)(5)(A). However, an alien may subsequently challenge the entry of such order pursuant to 8 U.S.C. § 1229a(b)(5)(C)(ii), which provides that an order of removal "may be rescinded only ... if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title [setting forth general notice requirements for removal proceedings]," 8 U.S.C. § 1229a(b)(5)(C)(ii) (emphasis added).
 
 
 [3]
 In particular we have considered and deem to be without merit petitioner's arguments asserting that his marriage to a United States citizen after initiation of his appeal to the BIA warrants a conclusion that the IJ and the BIA abused their discretion