**JUNHAO CUI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–3589–ag.

United States Court of Appeals, Second Circuit.

March 29, 2007.

Frank R. Liu, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Aviva L. Poczter, Senior Litigation Counsel, John W. Blakeley, Trial Attorney, Office of Immigration Litigation, Civil Division, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. CHESTER J. STRAUB, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Junhao Cui, a native and citizen of the People's Republic of China, seeks review of a July 6, 2006 order of the BIA affirming the March 17, 2006 decision of Immigration Judge ("IJ") Brigitte Laforest denying his motion to reopen his immigration proceedings. *In re Junhao Cui,* No. A99 564 257 (BIA July 6, 2006), *aff'g* No. A99 564 257 (Immig. Ct. N.Y. City Mar. 17, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). Denials of motions to reopen, including motions to reopen challenging orders of removal entered in absentia, are reviewed for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) *(per curiam).* When reviewing a motion to reopen, an IJ must consider the record as a whole and issue a reasoned opinion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 97 (2d Cir.2001).

Here, Cui sought to reopen proceedings for purposes of rescinding an order of removal entered in *absentia* under the standards of 8 U.S.C. § 1229a(b)(5), claiming that he never received the notice to appear. We have held that, when considering an IJ's denial of a motion to reopen removal proceedings, a presumption of receipt applies to notices to appear that are properly addressed and mailed according to normal office procedures. *See Lopes v. Gonzales,* 468 F.3d 81, 85 (2d Cir.2006) *(per curiam).* We nevertheless granted the petition in Lopes because the BIA failed to consider "circumstantial evidence" in the record that might have rebutted the presumption of receipt. *Id.* at 86 (the IJ must consider "all relevant evidence, including circumstantial evidence, offered to rebut th[e] presumption.").

Applying our holding in *Lopes* to the instant case, because the record reveals that the government sent notice of Cui's hearing date to his most recent and correct address, a presumption of receipt applies. *Id.* at 85. Further, none of the factors identified in *Lopes* in favor of remand are present here. First, the only evidence presented by Cui to rebut the presumption of receipt was a signed affidavit containing an uncorroborated statement of non-receipt. *Cf. Lopes,* 468 F.3d at 85 (holding that an affidavit containing a "bare claim of non-receipt," *together with other relevant facts* not considered by the BIA, warranted remand) (internal quotation marks omitted). Second, not only did Cui fail to appear at his February 23, 2006 hearing, he also failed to appear at an earlier scheduled appointment to receive the initial decision on his application. Cui claimed that he failed to appear at that prior appointment due to a "sudden illness." However, instead of promptly notifying the Asylum Office of his illness, Cui waited over one month before seeking the advice of "a friend" who in turn informed him of his in *absentia* order of removal. In short, there is an absence of circumstantial evidence supporting Cui's claim.

Because Cui did not present sufficient evidence to overcome the presumption of receipt, the IJ did not abuse her discretion in denying his motion to reopen. *Cf. Bhanot v. Chertoff,* 474 F.3d 71 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.