**GUANG FENG CHEN, Petitioner,**

v.

**U.S. ATTORNEY GENERAL,
Respondent.**

**No. 06–4437–ag.**

United States Court of Appeals,
Second Circuit.

May 2, 2007.

Gang Zhou, New York, New York, for
Petitioner.

Peter D. Keisler, Assistant Attorney
General, Civil Division; Linda S. Wernery,
Assistant Director; Janice K. Redfern, At-
torney, Office of Immigration Litigation,
Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL,
Hon. GUIDO CALABRESI, Hon. B.D.
PARKER, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Guang Feng Chen, a native
and citizen of China, seeks review of an
August 29, 2006 order of the BIA denying

his motion to reopen his removal proceedings after he was ordered removed *in absentia. In re Guang Feng Chen,* No. A78 972 557 (B.I.A. Aug. 29, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in dismissing Chen's appeal. Chen's contention that his failure to appear in immigration court was due to the fact that his counsel did not receive notice of his hearing date is unavailing. As the BIA noted, the record reflects that a notice of the May 2005 hearing was sent to Chen's counsel at the time. Because counsel was apprised of the May 17, 2005 hearing date, the BIA's affirmance of the IJ's determination that Chen received proper notice of his hearing was not an abuse of discretion. *See Song Jin Wu v. INS,* 436 F.3d 157, 162 (2d Cir.2006) (holding that mailing notice to the applicant's counsel of record satisfies the notice requirement); *see also Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005).

Further, a hearing notice was also sent directly to Chen at his most recent address in Maryland, the address listed on his prior motion for a change of venue. Therefore, a presumption of receipt applied. *See Bhanot v. Chertoff,* 474 F.3d 71, 73 (2d Cir.2007) (per curiam) (holding that when the Government sent notice of petitioner's changed hearing date to his most recent address, a presumption of receipt applied); *see also* 8 U.S.C. § 1229a(b)(5)(C)(ii). Moreover, the IJ appropriately noted that Chen failed to submit evidence to support his claim of nonreceipt, and did not even allege that his attorney had informed him that he had not received the hearing notice. Because Chen failed to submit any evidence to rebut the presumption of receipt, the BIA properly denied his motion and provided adequate reasoning for doing so. *See Alrefae v. Chertoff,* 471 F.3d 353, 359 (2d Cir.2006) (emphasizing that the IJ must consider "all relevant evidence, including circumstantial evidence, offered to rebut th[e] presumption" of receipt of a hearing notice(internal quotations omitted)); *see also Ke Zhen Zhao,* 265 F.3d at 93. Thus, we decline to reach Chen's alternative argument—that he would not have been able to appear in immigration court even if he had received notice of his rescheduled hearing date, due to "serious illness."

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.