**Naima SULTANA and Habib Rifat, Petitioners,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 05–6296–ag.

United States Court of Appeals, Second Circuit.

June 21, 2007.

Linda C. Flanagan, New York, NY, for Petitioner.

Margaret M. Kolbe, Assistant United States Attorney (Scott Dunn, on the brief), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. SONIA SOTOMAYOR, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Naima Sultana and her son Habib Rifat (together, "Petitioners"), natives and citizens of Bangladesh, seek review of a November 2, 2005 order of the BIA denying Petitioners' motion to reopen and affirming the March 23, 2004 decision of the Immigration Judge ("IJ") denying Petitioners' application for adjustment of status. *In re Sultana*, No. A73 609 405 (B.I.A. Nov. 2, 2005), *aff'g* No. A73 609 405 (Immig. Ct. N.Y. City Mar. 23, 2004). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Before the IJ, Petitioners sought only adjustment of status pursuant to Immigration and Nationality Act ("INA") § 245, 8 U.S.C. § 1255, and withdrew all their other claims. The IJ determined that Sultana had submitted a fraudulent asylum application and that Sultana "was entirely [complicit] in the fraudulent information contained in the asylum application." Under INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i), Petitioners were therefore inadmissable, and accordingly the IJ concluded that Petitioners were ineligible for adjustment of status. Before the BIA, Petitioners attributed the fraud to their attorneys. But the BIA affirmed the IJ's conclusion that Petitioners "participated in the preparation and submission of a fraudulent asylum application." Because the BIA concluded that Petitioners participated in their attorneys' fraud, the BIA denied Petitioners' motion to reopen based on ineffective assistance of counsel.

"Where, as here, the BIA adopts ... and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA." *Bhanot v. Chertoff*, 474 F.3d 71, 72 (2d Cir.2007) (per curiam). We conduct our review pursuant to the substantial evidence standard. *See Iouri v. Ashcroft*, 487 F.3d 76, 81 (2d Cir.2007).

An alien physically present in the United States "may apply to the Attorney General for the adjustment of his or her status to that of an alien lawfully admitted for permanent residence." INA § 245(i)(1), 8 U.S.C. § 1255(i)(1). To be eligible for adjustment the alien must be "admissible to the United States for permanent residence." INA § 245(i)(2)(A), § 1255(i)(2)(A). An alien is ineligible to be admitted if the alien "by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit." INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i).

Substantial evidence supports the IJ's conclusion that Sultana participated in the preparation of a fraudulent asylum application. The IJ considered the following: [i] Petitioners' concededly false asylum application, [ii] a six-page psychiatric evaluation based on two meetings with Sultana, in which she repeated the false statements contained in the asylum application, [iii] Sultana's inconsistent testimony regarding whether she visited a psychiatric doctor, [iv] the detailed information in the doctor's report, and [v] the length of time between the filing of the application, the retention of new counsel, and the concession that the application was false. A reasonable adjudicator would not be compelled to conclude that Sultana was ignorant and innocent of the falsification made by her former attorney. *See* 8 U.S.C. § 1252(b)(4)(B) ("findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). While the IJ made clear that Rifat (Sultana's son) was not, himself, inadmissible, Rifat advanced

no independent basis for adjustment of status apart from Sultana's application.

For the reasons set forth above, the petition is hereby **DENIED.**