**Parmjit Sandhu SINGH, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**Nos. 04–2177–ag (L), 05–3406–ag (con).**

United States Court of Appeals, Second Circuit.

July 10, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Teresa Salazar, San Francisco, California, for Petitioner.

Kevin J. O'Connor, United States Attorney, District of Connecticut, Lisa E. Perkins, William J. Nardini, Assistant United States Attorneys, Hartford, Connecticut, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Parmjit Sandhu Singh, a native and citizen of India, seeks review of the following orders of the BIA: (1) the April 2, 2004 denial of his motion to reissue the BIA's October 1995 order denying his application for asylum and withholding of deportation, *In re Parmjit Sandhu Singh*, No. A72 473 982 (B.I.A. Apr. 2, 2004); and (2) the May 31, 2005 denial of his motion to reconsider the April 2004 order, *id.* (B.I.A. May 31, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, Respondent has filed a motion to dismiss these petitions for review. The memorandum of law in support of said motion, however, fails to allege in any meaningful way that we lack the authority, or that it is unnecessary, to consider the petitions for review on their merits. Instead, the memorandum directly addresses Singh's arguments on their merits and explicitly requests that we *deny* the petitions for review. In light of the foregoing, and in the interest of judicial economy, we construe Respondent's memorandum as a brief on the merits and analyze Singh's claims without regard to the motion to dismiss.

We review the BIA's denial of a motion to reissue a previous decision in the same manner as a motion to reopen. *Cf. Jin Bo Zhao v. INS*, 452 F.3d 154, 156 (2d Cir. 2006) (per curiam). The BIA's denial of a

motion to reopen or reconsider is reviewed for an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

■ Singh argues that the BIA abused its discretion in denying his motion to reissue when his uncontested affidavit sufficiently demonstrated that he was not served a copy of the BIA's October 1995 decision. The regulations provide that proper "service" consists of physically presenting or mailing a document to the appropriate party or parties. *See* 8 C.F.R. § 1003.13. When, as here, service was not by certified mail, a rebuttable presumption of receipt arises so long as the record establishes that the document was accurately "addressed and mailed in accordance with normal office procedures." *Bhanot v. Chertoff*, 474 F.3d 71, 73 (2d Cir.2007) (citing *Lopes v. Gonzales*, 468 F.3d 81, 85 (2d Cir.2006)).

The BIA did not abuse its discretion in denying Singh's motion to reissue. The record reflects that the transmittal sheet attached to the BIA's October 1995 order was properly addressed to Singh at the address he provided on his *pro se* notice of appeal. Moreover, the only evidence of non-receipt that Singh provided the BIA in support of his motion to reissue was his sworn declaration. This bare allegation of non-receipt was insufficient to rebut the presumption of receipt, particularly in light of the properly addressed transmittal sheet. *See Bhanot*, 474 F.3d at 74; *see also Dalip Singh v. Gonzales*, 469 F.3d 863, 870 (9th Cir.2006) ("Singh's affidavits alleging nonreceipt and implying nonmailing are insufficient to overcome the BIA's

factual finding—based on the transmittal sheet's evidence of mailing—that the decision was properly mailed.").

■ Furthermore, we decline to consider Singh's arguments regarding the BIA's denial of his motion to reconsider the April 2004 order because "we are certain, given the facts," that remand would be futile. *Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir.2000); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir.2006). Singh's motion to reconsider failed to allege any errors of fact or law in the BIA's April 2004 order, and instead improperly tried to introduce new evidence of non-receipt of the October 1995 decision. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir.2001) (distinguishing between motions to reconsider and motions to reopen). Therefore, even if the BIA had addressed the arguments raised in the motion, it would have had substantial grounds for denying the motion.

For the foregoing reasons, the petitions for review are DENIED and Respondent's motion to dismiss is DISMISSED as moot. Having completed our review, any stay of removal that the Court previously granted in these petitions are VACATED, and any pending motion for a stay of removal in these petitions are DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).