**Yong Fu LIN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondent.**

No. 06–2439–ag.

United States Court of Appeals, Second Circuit.

Aug. 7, 2007.

Richard Tarzia, Law Office of Gregory Marotta, Belle Mead, NJ, for Petitioner.

Thomas H. Dupree, Jr., United States Department of Justice, Civil Division, Washington, D.C. (Christopher J. Christie, United States, Attorney for the District of New Jersey; Susan Steele, Assistant United States Attorney, Newark, NJ, on the brief), for Respondent.

Present: Hon. RALPH K. WINTER, Hon. SONIA SOTOMAYOR, and Hon. PETER W. HALL, and Circuit Judges.

### *SUMMARY ORDER*

Petitioner Yong Fu Lin, a citizen of the People's Republic of China, petitions for

review of the May 4, 2006 BIA order affirming the December 8, 2004 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan denying his application for asylum and withholding of removal. *In re Yong Fu Lin,* No. A 97 976 673 (B.I.A. May 4, 2006), *aff'g* No. A 97 976 673 (Immig. Ct. N.Y. City Dec. 8, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Bhanot v. Chertoff,* 474 F.3d 71, 72 (2d Cir.2007). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–07 (2d Cir.2003).

Lin claims that the IJ erred in pretermitting his asylum application because the agency read a documentary corroboration requirement into 8 U.S.C. § 1158(a)(2)(D), thereby placing a higher burden on him to establish that the filing of his asylum application was timely. However, we need not reach this claim because Lin is not eligible for either asylum or withholding of removal for past persecution as the spouse of someone forcibly sterilized.[1] We are bound by our recent *en banc* decision in *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 2007 WL 2032066 (2d Cir. July 16, 2007) (en banc), which held that an individual, like Lin,[2] whose spouse has been forced to undergo involuntary sterilization does not automatically qualify for asylum as a refugee under § 601(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") (amending 8 U.S.C. § 1101(a)(42), Immigration and Nationality Act ("INA") § 101(a)(42)).[3] Because Lin's application was based solely on his wife's forced sterilization, and not on any "other resistance to a coercive population control program," 8 U.S.C. § 1101(a)(42)(B), Lin has not, as a matter of law, established past persecution under *Shi Liang Lin* and is thus not eligible for asylum or withholding of removal. Accordingly, we need not review the IJ's finding that petitioner failed to meet his burden of proof to establish eligibility for

1. Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). However, as Lin's jurisdictional issues are complex and his claim is plainly without merit, we assert hypothetical jurisdiction. *See Abimbola v. Ashcroft,* 378 F.3d 173, 180 (2d Cir.2004) (asserting hypothetical jurisdiction where, as here, the jurisdictional issues related to statutory and not constitutional jurisdiction); *see also Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 338 n. 2 (2d Cir.2006) ("Our assumption of jurisdiction to consider first the merits is not barred where the jurisdictional constraints are imposed by statute, not the Constitution, and where the jurisdictional issues

are complex and the substance of the claim is, as here, plainly without merit.").

2. Though Lin and his wife were allegedly married in a traditional ceremony in 1984, the couple did not register their marriage until 1990, after the wife's sterilization. Regardless, as *Shi Liang Lin,* 494 F.3d 296, 2007 WL 2032066, explicitly applies to both traditional and legal marriages, Yong Fu Lin's application is foreclosed. *Id.* at ——, at *13.

3. Judge Sotomayor continues to disagree with the majority opinion in *Shi Liang Lin* to the extent it applies beyond unmarried partners, *see Shi Liang Lin,* 494 F.3d at 296, 2007 WL 2032066, at *30 (Sotomayor, J., concurring), but she is bound by court precedent. *See United States v. Wilkerson,* 361 F.3d 717, 732 (2d Cir.2004).

relief. For the reasons above, the petition for review is DENIED.