**QING HAI LIN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–0121–ag.**

United States Court of Appeals, Second Circuit.

Nov. 21, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-mer Attorney General Alberto R. Gonzales as a respondent in this case.

Peter D. Lobel, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Emily Anne Radford, Assistant Director; Stephen Elliott, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Qing Hai Lin, a native and citizen of the People's Republic of China, seeks review of a December 14, 2006 order of the BIA denying his motion to reopen removal proceedings. *In re Qing Hai Lin,* No. A 73 652 754 (B.I.A. Dec. 14, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the agency denies a motion to reopen, this Court reviews its decision for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in denying Lin's motion. The BIA appropriately noted that its prior decision had been issued in February 2006, and Lin did not submit his motion until November 2006, beyond the 180–day deadline for motions to rescind based on ineffective assistance of counsel. 8 C.F.R. § 1003.23(b)(4)(iii)(A). Additionally, Lin's contention that his failure to appear in immigration court was due to the fact that his counsel did not apprise him of the fact that his case had been remanded, is unavailing. Because, as the BIA noted, the record reflects that a notice of the April 2005 hearing was sent to Lin's address of record by certified mail, a rebuttable presumption of receipt applied. *See Bhanot v. Chertoff,* 474 F.3d 71, 73 (2d Cir.2007) (holding that mailing notice to either the alien or the alien's counsel of record satisfies the notice requirement and creates a presumption of receipt). Because Lin

failed to present any evidence to rebut the presumption of receipt, the BIA appropriately found that he received proper notice of his hearing date. *See id.*

As to Lin's ineffective assistance claim, he failed to provide any evidence that he had substantially complied with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637, 638–39 (BIA 1988) (requiring, in a motion based on ineffective assistance of counsel, an affidavit from the movant, as well as verification that counsel whose competence is being impugned was informed of the allegations leveled against him and given an opportunity to respond, and that a complaint was filed with the appropriate disciplinary authorities with respect to violations of that counsel's ethical and legal responsibilities). Under these circumstances, the BIA's denial of Lin's motion to reopen was not an abuse of discretion. *See Twum v. INS*, 411 F.3d at 58. Thus, we do not reach the BIA's finding that Lin failed to show that he exercised due diligence in pursuing his remedies.

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).