**MINGZE HU, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Michael B. Mukasey[1], United States Attorney General, Respondent.**

No. 04–1158–ag.

United States Court of Appeals, Second Circuit.

Jan. 8, 2008.

Joshua Bardavid (David X. Feng on the brief), New York, N.Y., for Petitioner.

Courtney D. Trombly, Assistant United States Attorney, for James K. Vines, United States Attorney for the Middle District of Tennessee, Nashville, TN, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

symptoms by the same doctor at the time of his second exclusion hearing in 2005.

1. Attorney General Michael B. Mukasey is automatically substituted for former Attorney General John Ashcroft pursuant to Federal Rule of Appellate Procedure 43(c)(2).

## SUMMARY ORDER

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the petition is **GRANTED,** the decision of the BIA is **VACATED,** and the case is **REMANDED** for further proceedings consistent with this order.

Mingze Hu, a native and citizen of China, petitions for review of a February 11, 2004 decision of the BIA, which affirmed the decision of Immigration Judge John Opaciuch ("the IJ"), denying petitioner's motion to rescind the IJ's prior order of removal. *In re Mingze Hu,* A79 393 614 (B.I.A. Feb. 11, 2004), *aff'g* A 79 393 614 (Immig. Ct. N.Y. City Feb. 7, 2003). We assume the parties' familiarity with the facts and procedural history of the case. A Notice to Appear was mailed to the last address provided by petitioner. Accordingly, the IJ properly entered an *in absentia* order of removal when petitioner failed to appear at the hearing. *See* 8 U.S.C. § 1229a(b)(5)(A). An *in absentia* order of removal may, however, be rescinded "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title...." 8 U.S.C. § 1229a(b)(5)(C)(ii). "As the use of the word 'receive' establishes, when considering the motion to reopen, the central issue no longer is whether the notice was properly mailed (as it is for the purpose of initially entering the in absentia order), but rather whether the alien actually *received* the notice." *Lopes v. Gonzales,* 468 F.3d 81, 84 (2d Cir.2006) (per curiam) (citation omitted).

We have, however, held that, in determining whether an alien has received a notice sent by regular mail, "a presumption of receipt is proper so long as the record establishes that the notice was ac-curately addressed and mailed in accordance with normal office procedures." *Id.* at 85. But we have also made clear that the agency "must consider all relevant evidence, including circumstantial evidence, offered to rebut that presumption." *Id.* at 86. Here, there is no indication that the IJ or the BIA considered the evidence submitted by petitioner that he did not receive the notice. Accordingly, as in prior cases decided by this Court, the agency erred in failing to explain why petitioner had not rebutted the presumption of receipt. *See Alrefae v. Chertoff,* 471 F.3d 353, 360 (2d Cir.2006); *Lopes,* 468 F.3d at 85–86.

Relying on our decision in *Bhanot v. Chertoff,* 474 F.3d 71 (2d Cir.2007) (per curiam), the government contends that it is clear that the agency would reach the same decision even in the absence of this error, and that, therefore, remand would be futile. We disagree. In *Bhanot,* the only evidence submitted by the petitioner was a simple denial of receipt, and the affidavit containing the denial also contained a "major misstatement of fact" which was material to the question of whether the petitioner had received the notice. *Id.* at 73–74. Here, by contrast, petitioner's affidavit contained no apparent misstatements. It may well be that we would not remand solely on the basis of a bare denial of receipt. We need not decide that issue here, because in this case, as in *Lopes* and *Alrefae,* there are relevant facts in the record which, coupled with petitioner's denial, might lead the agency to conclude that he did not actually receive the notice. *See Lopes,* 468 F.3d at 85–86 ("Although an affidavit of non-receipt might be insufficient by itself to rebut the presumption, it does raise a factual issue that the BIA must resolve by taking account of *all* relevant evidence...."). For example, petitioner noted in his affidavit that he *did*

**6**

appear at a prior hearing in California, at which he gave a true address to the Immigration Court. This, at least arguably, is evidence that might lead the agency to conclude that petitioner is "not an absconder." *Lopes,* 468 F.3d at 86. Moreover, the hearing at which petitioner failed to appear was merely a preliminary calendar hearing, appearance at which would, in itself, have placed him in no jeopardy of removal. In addition, petitioner's failure to appear resulted in the forfeiture of his previously posted bond of $10,000. These facts could be viewed by the agency as supporting petitioner's case, because they make it less likely that he would simply choose not to appear at the hearing. There is no indication that the agency considered this circumstantial evidence, as it is required to do under our cases. The above facts do not mean that the agency is compelled to grant petitioner's motion to rescind. But, given these circumstances, the agency is required to consider petitioner's attempt to rebut the presumption of receipt, and to give an explanation should the agency decide to reject that attempt. *See Alrefae,* 471 F.3d at 360–61; *Lopes,* 468 F.3d at 85–86.

For the foregoing reasons, we **GRANT** the petition for review, **VACATE** the decision of the BIA, and **REMAND** the case to the agency for further proceedings consistent with this order.