**Gurpreet SINGH, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–3143–ag.**

United States Court of Appeals, Second Circuit.

Feb. 1, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as a respondent in this case.

pro se, Fremont, CA, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Kelly J. Walls, Trial Attorney, Office of Immigration Litigation, U.S. Dept. of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB, Hon. RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

Gurpreet Singh, a native and citizen of India, seeks review of a June 25, 2007 order of the BIA, denying his motion to reopen his removal proceedings. *In re Gurpreet Singh,* No. A76–085–366 (B.I.A. June 25, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision " 'provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.' " *Id.* at 233–34 (quoting *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001)).

An alien may be ordered removed *in absentia* if he fails to appear at a scheduled hearing and the Government provides clear, unequivocal, and convincing evidence that the alien is removable and received written notice of the hearing. 8 U.S.C. § 1229a(b)(5)(A). The regulations provide that an alien wishing to file a motion to reopen removal proceedings in order to rescind an IJ's *in absentia* order of removal, must do so within 180 days after the date of the order of removal, and provide evidence that his failure to appear was caused by "exceptional circumstances" beyond his control. 8 C.F.R. § 1003.23(b)(4)(ii). An order entered *in absentia* may also be rescinded at any time if the alien demonstrates that he did not receive notice of the hearing. *Id.* Mailing notice to either the alien or the alien's counsel of record satisfies the notice requirement and creates a presumption of receipt. *See Bhanot v. Chertoff,* 474 F.3d 71, 73 (2d Cir.2007) (citing *Lopes v. Gonzales,* 468 F.3d 81, 85 (2d Cir.2006)); *Song Jin Wu v. INS,* 436 F.3d 157, 162 (2d Cir.2006). However, the IJ must consider "all relevant evidence, including circumstantial evidence, offered to rebut th[e] presumption." *Alrefae v. Chertoff,* 471 F.3d 353, 359 (2d Cir.2006).

We conclude that the BIA did not abuse its discretion when, after considering all the evidence offered to rebut the presumption of receipt, it denied Singh's motion to reopen. The only evidence submitted was Singh's affidavit stating that he did not receive notice due to the ineffective assistance of his prior counsel, and this was contradicted by an affidavit Singh submitted in support of his first motion to reopen claiming that "exceptional circumstances" prevented him from appearing at his hearing. The earlier affidavit stated that "[his] attorney sent notice of [his] next hearing date to [him] at [his] last address of record on September 23, 1999 ... tried to call [him] up on the phone to inform [him] of [his] next hearing date but that [he] did not personally get notice of [his] hearing date until September 27, 1999, at night." While Singh's later affidavit alleged that he had signed the earlier affidavit without knowing its contents, Singh's prior counsel submitted a letter claiming that Singh's earlier affidavit was truthful and that it had been duly translated for Singh before he signed it. The BIA did not abuse its discretion in finding that, because Singh's affidavit in support of his present motion to reopen contradicted his earlier affidavit and the letter provided by his prior attorney, Singh "failed to rebut the presumption that he received the notice to appear." [2] *See Bhanot,* 474 F.3d at 73; *Alrefae,* 471 F.3d at 359.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**2.** Our finding that the BIA did not err in concluding that Singh had failed to demonstrate ineffective assistance is dispositive of

his claim that his prior attorney's ineffective assistance constituted a due process violation.