SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals (“BIA”) decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.
Petitioner Cun Can Zheng, a native and citizen of the People’s Republic of China, seeks review of the September 11, 2007 order of the BIA, affirming the January 3, 2007 decision of Immigration Judge (“U”) Gabriel C. Yidela, which denied his motion to rescind and reopen. In re Cun Can Zheng, No. A70 888 566 (B.I.A. Sept. 11, 2007), aff'g No. A70 888 566 (Immig. Ct. N.Y. City Jan. 3, 2007). We assume the parties’ familiarity with the underlying-facts and procedural history of the case.
As an initial matter, we note that motions to reopen in absentia deportation orders are governed by different rules depending on whether the movant seeks to rescind the order or present new evidence. See Song Jin Wu v. INS, 436 F.3d 157, 163 (2d Cir.2006); In re M-S-, 22 I. & N. Dec. 349, 353-55 (BIA 1998) (en banc). Accordingly, where, as here, an alien files a single motion that seeks both rescission of an in absentia removal order, as well as reopen *388 ing of removal proceedings based on new evidence, we treat the motion as comprising distinct motions to rescind and to reopen. Alrefae v. Chertoff, 471 F.3d 353, 357 (2d Cir.2006); see also Maghradze v. Gonzales, 462 F.3d 150, 152 n. 1 (2d Cir. 2006).
Where, the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, we may consider both the IJ’s and the BIA’s opinions for the sake of completeness if doing so does not affect the Court’s ultimate conclusion. Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006). We review the denial of a motion to rescind under the same abuse of discretion standard applicable to motions to reopen. See Alrefae, 471 F.3d at 357.
A.Motion to Rescind
We find that the agency did not abuse its discretion in determining that Zheng failed to demonstrate that he exercised due diligence in pursuing his motion to rescind. The agency regulations provide in pertinent part that “[a]n order entered in absentia in deportation proceedings may be rescinded only upon a motion to reopen filed ... [w]ithin 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances beyond the control of the alien.” 8 C.F.R. § 1003.23(b)(4)(iii). In this case, Zheng, who did not file his motion within 180 days of his deportation order, argued that ineffective assistance of counsel warranted equitable tolling of the 180-day period.
We have held that the ineffectiveness of prior counsel may constitute extraordinary circumstances warranting an equitable exception to a filing deadline. See Iavorski v. INS, 232 F.3d 124, 134 (2d Cir.2000). However, in order to warrant equitable tolling, an alien is required to demonstrate “due diligence” in pursuing his claims. Cekic v. INS, 435 F.3d 167, 170 (2d Cir. 2006) (citations omitted). We have noted that “there is no period of time which we can say is per se unreasonable, and, therefore, disqualifies a petitioner from equitable tolling-or, for that matter, any period of time that is per se reasonable.” Jian Hua Wang v. BIA 508 F.3d 710, 715 (2d Cir.2007).
Here, we find no abuse of discretion in the BIA’s conclusion that Zheng failed to exercise due diligence where he waited more than eight years after the entry of the deportation order before he filed his motion. See id. at 715. Moreover, the agency reasonably noted that Zheng failed to explain the long delay, stating only that he had “contacted numerous legal representatives in an attempt to reopen his case,” but had been informed that there was nothing that could be done. As Zheng failed to prove his purported contact with legal professionals or attempts at reopening his proceedings during the more than eight years after he sought to toll, we cannot conclude that the agency abused its discretion in finding that he failed to demonstrate due diligence in pursuing his motion to rescind. See id. at 715-16.
B.Motion to Reopen
Likewise, we find that the BIA did not abuse its discretion in denying Zheng’s motion to reopen as untimely. See 8 C.F.R. § 1003.23(b)(1). There is no time limit for filing a motion to reopen if it is “based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.” 8 C.F.R. § 1003.23(b)(4)®. Here, however, the agency properly found that *389 Zheng’s motion did not qualify for such an exception. Indeed, we have held that the birth of U.S. citizen children is not evidence of changed conditions in China. See Li Yong Zheng v. U.S. Dep’t of Justice, 416 F.3d 129, 130-31 (2d Cir.2005). Furthermore, the agency correctly found that Zheng failed to submit any evidence demonstrating changed country conditions in China. 8 C.F.R. § 1003.2(c)(3)(ii); Shao v. Mukasey, 546 F.3d 138 (2d Cir.2008). To the extent that Zheng urged the BIA to consider evidence that was not part of the administrative record, the BIA did not abuse its discretion by declining to consider such evidence. See Bhanot v. Chertoff, 474 F.3d 71, 74 (2d Cir.2007). Thus, because the agency did not err in finding that Zheng failed to demonstrate changed country conditions in China, it did not abuse its discretion in denying his motion to reopen as untimely.
C. Successive Asylum Application
Finally, contrary to Zheng’s argument, the agency did not err in concluding that he was not eligible to file a successive asylum application based on his changed personal circumstances where he is under a final order of deportation and did not file a timely motion to reopen or demonstrate changed country conditions excusing the untimeliness of his motion. See Yuen Jin v. Mukasey, 538 F.3d 143, 156 (2d Cir.2008).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner’s pending motion for a stay of removal in this petition is DISMISSED as moot.