SUMMARY ORDER
Petitioners Mervyn Illangakoon, his wife, and two children, all natives and citizens of Sri Lanka, appeal the January 15, 2008 decision of the BIA affirming the Immigration Judge’s (“IJ”) denial of then* motion to rescind the IJ’s in abstentia order. On appeal, Petitioners argue that the BIA abused its discretion in denying their motion to rescind the in abstentia order because (1) they did not receive proper notice of their obligation to update, their address with the Immigration Court, and (2) the 180-day period for reopening an in abstentia order of removal should be tolled due to ineffective assistance from their non-attorney representative. We assume the parties’ familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.
“Where, as here, the BIA adopts ... and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA.” Bhanot v. Chertoff, 474 F.3d 71, 72 (2d Cir.2007) (per curiam). We review the BIA’s underlying conclusions of law de novo, but when the BIA has applied the correct law, its decision to deny a motion to reopen or a motion to rescind is reviewed only for abuse of discretion. Maghradze v. Gonzales, 462 F.3d 150, 152 (2d Cir.2006); Iavorski v. INS, 232 F.3d 124, 128 (2d Cir.2000). This review is highly deferential and an abuse of discretion should be found only “in those circumstances where the Board’s decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements.” Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 93 (2d Cir.2001).
Once an IJ has entered an in ab-stentia order of deportation, applicants may rescind the order only (1) upon a *41 motion to reopen filed within 180 days of the date of the order of deportation, or (2) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive the statutorily required notice. 8 U.S.C. § 1252b(c)(3) (1994), repealed, effective 1997 and recodified, as amended, without material change, at 8 U.S.C. § 1229a(b)(5)(C)(2005).[2] Petitioners first contend that the BIA should have rescinded the in abstentia order because they did not receive notice of their immigration proceeding as is required by statute. As Petitioners acknowledge, the Immigration Court sent them notice of their hearing by certified mail to them last known address. Petitioner’s did not receive this notice because they were no longer residing at that address and had admittedly failed to apprise the Immigration Court of their new address. We have previously held that the notice requirements are presumptively satisfied so long as the IJ conveys notice of a deportation hearing in person or by certified mail to the alien’s last known address, regardless of whether the notice is actually received by the alien. See Fuentes-Argueta v. INS, 101 F.3d 867, 871 (2d Cir.1996) (per curiam); Lopes v. Gonzales, 468 F.3d 81, 85 (2d Cir.2006) (per curiam) (“[A] presumption of receipt is proper so long as the record establishes that the notice was accurately addressed and mailed in accordance with normal office procedures.”). Petitioners have not produced evidence sufficient to rebut this presumption.
Petitioners argue that they were not adequately notified of their obligation to inform the Immigration Court of their most current address, and therefore, that notice was statutorily inadequate. Petitioners, however, admit that the immigration officer who personally served them with an Order to Show Cause (“OSC”) instructed them that they had to report any changes of address to the Immigration Court. Although Petitioners argue that they were not told where to send their updated address information, the address is printed conspicuously in the OSC. Moreover, Petitioners’ claim that the OSC should have been translated into their native language has already been foreclosed by our decision in Lopes, 468 F.3d at 85. Given that Petitioners knew of their responsibility to inform the Immigration Court of any change in their contact information and were given the address to which to send that information, we find that notice was adequate.
Petitioners further contend that the BIA should have equitably tolled the 180-day limitations period in which to file a motion to rescind an in abstentia order because they relied on the advice of their non-attorney representative — whom they allegedly believed was an immigration lawyer — that they did not need to do anything about their OSC after filing for an employment visa. This claim also lacks merit. Even assuming that this Court were to recognize claims based on assistance of non-attorney representatives, and even before the BIA’s recent precedential decision in In re Compean, 24 I. & N. Dec. 710 (B.I.A. Jan. 7, 2009), Petitioners would not be eligible for equitable tolling because they did not exercise due diligence in pursuing their immigration matter. See Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006) (per curiam). Petitioners concede that as early as 1998, when they retained counsel, they learned that their representative was *42 not an attorney. Yet, they took no action to reopen their deportation proceedings until eight years later, when they were taken into custody. Consequently, we need not consider any issues that might arise from the BIA’s decision in In re Compean.
We have reviewed all of Petitioners’ arguments and find them to be without merit. Accordingly, the petition for review is DENIED, and the motion for stay of removal is DISMISSED as moot.

. Both parties agree that the requirements of former 8 U.S.C. § 1252b (1994) (repealed, effective 1997) govern Petitioners' motion to rescind their deportation order. Because Petitioners' deportation proceedings commenced before April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, Div. C., 110 Stat. 3009-546 (1996), the Act does not apply to this case.