09-2268-ag
Nizarali v. Holder

# UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of February, two thousand and ten.

Present: PIERRE N. LEVAL,
         RICHARD C. WESLEY,
                    *Circuit Judges*,
         JOHN GLEESON,
                    *District Judge*.[*]

_____

NAEEM NIZARALI, a.k.a.
NAEEM NIZARALI MOMIN,
            *Petitioner*,

        - v. -                              (09-2268-ag)

ERIC H. HOLDER, JR.,
U.S. ATTORNEY GENERAL,
            *Respondent*.

_____

Appearing for Petitioner:   WENDY A. JERKINS, George R.
                            Willy, P.C., Sugar Land, Texas.

Appearing for Respondent:   DAVID H. WETMORE, Office of
                            Immigration Litigation, Civil
                            Division, United States Justice
                            Department, Washington, D.C.

---

[*] The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

**UPON DUE CONSIDERATION** of this petition for review of the decision of the Board of Immigration Appeals ("BIA"), **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**, the BIA's decision is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this order.

Petitioner, a native and citizen of Pakistan, seeks review of a decision of the BIA dated April 30, 2009 in which it affirmed an order issued by an immigration judge on February 7, 2008, denying Petitioner's motion to reopen a June 17, 1994 *in absentia* order of exclusion and deportation. In 2001, Petitioner filed an application for an alien labor certification, which was granted. On August 15, 2007, Petitioner filed an application for an adjustment of status. Petitioner maintains that he became aware of the *in absentia* order that had been entered against him while preparing this application. On November 20, 2007, Petitioner filed a motion to reopen his exclusion proceeding on the ground that he never received notice of the hearing. We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues before this Court.

At the outset, it should be noted that "motions to reopen are disfavored in deportation proceedings." *INS v. Abudu*, 485 U.S. 94, 107 (1988). However, under the statutory provision in effect during the period relevant to this petition, an *in absentia* order of deportation may be rescinded if the alien did not receive notice in compliance with the requirements of the Immigration and Nationality Act. 8 U.S.C. § 1252b(c)(3).

While there is a strong presumption of delivery if notice is sent by certified mail, the same is not true if the notice is sent by regular mail. *Silva-Carvalho Lopes v. Mukasey*, 517 F.3d 156, 159-60 (2d Cir. 2008). Rather, when notice is sent by regular mail, only "*some* presumption of receipt applies." *Id.* at 158. There is nothing in the record to indicate that notice was sent by certified mail, therefore we will not assume that the stronger presumption of delivery is applicable.

When Petitioner arrived in this country he was given notice of a hearing before an immigration judge, which was to take place on May 12, 1994. Petitioner appeared on this date but was informed that the hearing had been rescheduled. *Cf. Bhanot v. Chertoff*, 474 F.3d 71, 73 (2d Cir. 2007) (per

3

curiam).  Petitioner claims he had a "vested interest" in his labor certification and that he was attempting to adjust his status to become a lawful permanent resident.  *See Silva-Carvalho Lopes*, 517 F.3d at 160.  Further, Petitioner has provided an affidavit of non-receipt.  *See Ping Chen v. U.S. Attorney Gen.*, 502 F.3d 73, 76 (2d Cir. 2007) (per curiam).  Given these facts, the BIA is required to "consider all of the petitioner's evidence (circumstantial or otherwise) in a practical fashion, guided by common sense, to determine whether the slight presumption of receipt of regular mail has more probably than not been overcome."  *Silva-Carvalho Lopes*, 517 F.3d at 160.

Of course, the agency is not required to grant Petitioner's motion to rescind.  However, under the circumstances, it is required to consider Petitioner's attempt to rebut the presumption of receipt, and the agency must give an explanation should it decide to reject that attempt.  *See Alrefae v. Chertoff*, 471 F.3d 353, 358 (2d Cir. 2006).

The immigration judge held that it lacked jurisdiction to adjudicate Petitioner's pending application for an adjustment of status because the United States Citizenship

4

and Immigration Services has exclusive jurisdiction in exclusion cases.  The BIA affirmed this ruling.  Even if the BIA's determination was accurate, "a rote recital of a jurisdictional statement — even if technically accurate — does not adequately discharge the BIA's duty to consider the facts of record relevant to the motion and provide a rational explanation for its ruling."  *Sheng Gao Ni v. BIA*, 520 F.3d 125, 129-30 (2d Cir. 2008).

For the foregoing reasons, we **GRANT** the petition for review, **VACATE** the decision of the BIA, and **REMAND** the matter to the agency for further proceedings consistent with this order.

For the Court
Catherine O'Hagan Wolfe, Clerk